IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANDRES EDUARDO APARICIO RODRIGUEZ, | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:25-cv-2858-L-BN |
| KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security, ET AL., | § § § § § | |
| Respondents. | § § | |

**ORDER REQUIRING SERVICE AND SETTING
EXPEDITED BRIEFING SCHEDULE**

Petitioner Andres Eduardo Aparicio Rodriguez ("Aparicio"), detained at the Prairieland Detention Center, a facility in this district, filed this habeas action under 28 U.S.C. § 2241 on October 21, 2025 with the assistance of counsel. *See* Dkt. No. 2 (amended pet.) (in sum, challenging immigration officials' changing his custodial status and thereby making detention mandatory and rendering them ineligible for an individualized bond determination and his current detention associated with that change).

Aparicio also moves for a temporary restraining order ("TRO") and a hearing. *See* Dkt. No. 4.

And United States District Judge Sam A. Lindsay has referred this habeas action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The undersigned has reviewed the filings in this case and has determined that

service and an expedited response from the United States Attorney's Office is required.

The Court therefore requests that the Clerk of Court electronically serve a copy of this order, together with a copy of the petition and its attachments, if any, on the United States Attorney for the Northern District of Texas.

The United States Attorney's Office, on behalf of Respondents, must file, by **October 31, 2025**, an answer, motion, or other response to the petition and the request for a TRO (the "Response").

And Aparicio may submit a reply brief to the Response by **November 5, 2025**. Any reply filed must be limited to the arguments raised in the Response and shall not include any new allegations of fact or new grounds for relief.

The undersigned further observes that a recent decision from another federal district in Texas may be potentially persuasive as to the disposition of Aparicio's claims. *See Lopez-Arevelo v. Ripa*, ___ F. Supp. 3d ____, No. EP-25-CV-337-KC, 2025 WL 2691828 (W.D. Tex. Sept. 22, 2025) (also cataloguing other recent decisions tackling the "new, expansive interpretation of mandatory detention under the INA" announced by *In re: Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025)).

SO ORDERED.

DATED: October 22, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE