IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ANDRES EDUARDO APRARICIO, RODRIGUEZ,**<br><br>Petitioner,<br><br>v.<br><br>**KRISTI NOEM, TODD M. LYONS, JOSH JOHNSON, DAREN K. MARGOLIN, and WARDEN,**<br><br>Respondents. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Case No. **3:25-CV-2858-L-BN** |

**MEMORANDUM OPINION AND ORDER**

On November 6, 2025, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 10) was entered, recommending that the court grant in part Petitioner, Andres Eduardo Aparicio Rodriguez's ("Petitioner") Amended Application for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 2) ("the Petition") and require Respondents, Kristi Noem, Todd M. Lyons, Josh Johnson, Daren K. Margolin, and Warden ("Respondents") to provide him with a bond hearing before an immigration judge. The Report also recommends that the court deny Petitioner's Application for a Temporary Restraining Order (Doc. 4) ("Application for TRO").

On November 20, 2025, Respondents timely filed objections (Doc. 11) to the Report. Petitioner did not file any objections or a response to Respondents' objections. On January 13, 2026, Petitioner filed a Motion to Adopt the Magistrate Judge's Report (Doc. 12) ("the Motion") in which Petitioner requests that the Report be adopted but also embeds a response to Respondents' objections. Respondents responded to the Motion but did not explicitly request that the Motion or embedded response to their objections be stricken; rather, they state that if the material is

considered that they refer back to their earlier objections. Doc. 13 at 2. To the extent that Petitioner is asserting objections or responding to Respondents' Objections, they are untimely. 28 U.S.C.A. § 636(b)(1); Fed. R. Civ. P. 72(b). As herein discussed, the court **withholds its ruling** on the Report insofar as it recommends granting the Petition and **accepts** the Report as to the recommendation to **deny** Petitioner's Application for TRO.

## I. Petitioner's Detention

The magistrate judge determined: (1) Petitioner did not have to exhaust his administrative remedies; (2) Petitioner's Administrative Procedure Act ("APA") claims are barred; and (3) Petitioner's detention without a bond hearing violates his Fifth Amendment Due Process Rights, thus, the court should grant the Petition and require Respondents to give Petitioner a bond hearing.

The Fifth Circuit has determined that it should consider *en banc* other actions challenging detentions similar to Petitioner's and whether they violate the Fifth Amendment's Due Process Clause. *See Rodriguez v. Ortega,* 180 F.4th 702 (5th Cir.), *reh'g en banc granted, opinion vacated*, 181 F.4th 608 (5th Cir. 2026). The Fifth Circuit heard oral arguments on September 24, 2026. Thus, the court **withholds its ruling** on the magistrate judge's current recommendation that the Petition be granted in part. Once the Fifth Circuit issues its opinion, the court will take the Report under advisement. Petitioner's Motion to Adopt the Report is **denied without prejudice** for the same reasons.

## II. Application for TRO

The magistrate judge determined that Petitioner's Application for TRO should be denied because the relief he seeks through his Application for TRO is the same or similar to the relief requested in his underlying petition. *Jonibach Mgmt. Tr. v. Wartburg Enters., Inc.*, 750 F.3d 486, 491 (5th Cir. 2014) (the purpose of a preliminary injunction or TRO is not to amount to a ruling

on the merits); *see also Peters v. Davis*, No. 6:17CV595, 2018 WL 11463602 at *2 (E.D. Tex. Mar. 28, 2018) (the purpose a TRO or preliminary injunction "is not to give a plaintiff the ultimate relief that he seeks, but to preserve the courts power to render a meaningful decision. . . ."). Petitioner's arguments in his Application for TRO focus on the need for a bond hearing which is also the relief requested in his Petition; therefore, a Temporary Restraining Order is not appropriate. Moreover, neither party objected to the magistrate judge's recommendation on this issue. The court agrees with the magistrate judge, **accepts** the Report on this issue, and **denies** Petitioner's Application for TRO.

Having considered the record in this case and the Report, the court **withholds its ruling** to the extent that the Report recommends granting the Petition in part and **accepts** the Report as to the Application for TRO. Accordingly, the court **denies** Petitioner's Application for TRO and **denies without prejudice** Petitioner's Motion.

**It is so ordered** this 30th day of September, 2026.

Sam A. Lindsay
United States District Judge